UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. CR04-207-S-EJL |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| MONTE STRALEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court in the above-entitled matter is Defendant Monte Straley's appeal of his conviction of two misdemeanor charges. The matter is fully briefed and ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

**Factual and Procedural Background**

On October 22, 2004 the government filed an information and subsequently filed an amended information charging Mr. Straley with one count of interfering with a Forest Service Officer in violation of 36 C.F.R. § 261.3(a) and one count of removal of property of the United States in violation of 36 C.F.R. § 261.9(b). (Dkt. Nos. 1, 5). The charges stem from a Forest Service boundary-marking project to re-mark lines between Sawtooth National Forest lands and private property north of Ketchum, Idaho. The project was undertaken as a result of an increased number

of incidents of trespass in the area. After having conducted a survey, Michael Riley, a Forest Service land surveyor, placed fiberglass markers along the boundary line between public property and Mr. Straley's land. Mr. Riley returned a few days later to take digital photographs of the markers but discovered three of the markers were missing. Law enforcement officers Pat Green and Joe Griffin were dispatched to investigate the missing markers. The officers contacted Mr. Straley who admitted to removing the markers because he believed the markers were on his land. The law enforcement officers and surveyor each testified at trial, as did Mr. Straley. The officers testified that the markers were important and intended to remain permanently as a result of the trespasses in the area. Mr. Riley testified that the removal of the markers interfered with the completion of his duties as an employee of the Forest Service. Mr. Straley maintained that the markers were placed on his property.

Because the charges were misdemeanors a court trial was set before Magistrate Judge Mikel H. Williams for November 8, 2004. 18 U.S.C. § 3401. Mr. Straley represented himself at the trial. The Court found Mr. Straley guilty on both charges and sentenced him to one year probation on count one and suspended sentence on count two. In addition the Court imposed a fine and special assessment fee. (Dkt. No. 6). Mr. Straley then filed the instant appeal. The appeal challenges the convictions on several grounds but primarily argues that the government failed to prove the elements of each of the charges beyond a reasonable doubt.[1]

---

[1] Mr. Straley's arguments are couched as lack of subject matter jurisdiction arguments. As pointed out in the government's response (Dkt. No. 17) both the Magistrate Court and this Court possess subject matter jurisdiction over this matter. See 18 U.S.C. §§ 3401, 3402; see also Federal Rule of Criminal Procedure 58(g)(2)(B).

ORDER - 2

**Standard on Appeal**

Federal Rule of Criminal Procedure 58(g)(2)(D) provides that "The defendant is not entitled to a trial de novo by a district judge.  The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge."  See also Local Criminal Rule 58.2(f) ("The scope of the appeal shall be the same as on an appeal from a judgment of the district court to the court of appeals).  Thus, the challenged judgment is reversible only if it is clearly erroneous or contrary to law.  See United States v. Ramirez, 555 F.Supp. 736, 738-39 (E.D. Cal. 1983); United States v. Li, 510 F.Supp. 276, 277 (D. Haw. 1981).

**Discussion**

1)    Count One: Interference with a Forest Service Officer in violation of 36 C.F.R. § 261.3(a):

Because the markers were placed on non-public land, Mr. Straley argues, the Forest Service was without the authority to place such markers and, thus, Straley could not have interfered with any official duty.

In order to be convicted of this charge, the government must prove, beyond a reasonable doubt, that Mr. Straley 1) interfered, 2) with an employee of the Forest Service, 3) engaged in the performance of official duties, 4) in the protection, improvement or administration of the National Forest System.  36 C.F.R. § 261.2.  The government points to the testimony of the law enforcement officers and Mr. Riley that the removal of the markers interfered with their official duties in that the project was undertaken to address the trespass claims in the area.  In addition, the law enforcement officers provided testimony regarding Mr. Straley's statements that he would remove such markers in the future.

Having reviewed the transcript of the proceedings, the Court finds that the Magistrate Judge's conclusions were not clearly erroneous. The Magistrate Judge stated that, as to count one, "if you look at the defendant's conduct when he was being questioned by the law enforcement officers regarding the survey markers that had been placed there and had been removed, his statements that he would remove any future boundary states that were placed there, that he did not want them there, that certainly can be considered ...interfering with the Forest Service ability to mark boundaries." (TR p. 95). The testimony at trial supports the Magistrate Judge's conclusions. Mr. Riley was engaged in the performance of his official duties as an employee of the Forest Service in re-marking the boundary line for the purpose of administration of the National Forest System; to address the trespass problems in the area. In addition, Mr. Straley makes a passing reference to the First Amendment and the Due Process clause. These arguments were not previously raised and, regardless, are without merit. Therefore, the Court affirms the conviction on count one.

2) <u>Count Two: Removal of property of the United States in violation of 36 C.F.R. § 261.9(b)</u>:

Mr. Straley again argues that because the markers were not placed on public land, and/or the testimony was not conclusive about whether the markers were on public land, the government has failed to establish that the markers were ever on public land. Further, Mr. Straley asserts the markers were not "removed" but, if anything, "moved" and returned to public land. The placement of such markers on private land, Mr. Straley argues, constitutes a taking in violation of the Fifth Amendment.

In order to be convicted of the charge in count two, the government must prove, beyond a reasonable doubt, that Mr. Straley removed property of the United States. 36 C.F.R. § 261.9(b). The Court finds no merit in Mr. Straley's attempt to split hairs between the definition of "removed" and "moved." Regardless, Mr. Straley admitted that he "removed" the markers during his testimony.

*ORDER - 4*

Whether the actions of the government agents in this matter constitute a taking is not relevant to these proceedings but, instead, a separate matter to be raised in the proper forum.  As to count two, the Magistrate Judge found that Mr. Straley "did remove property of the United States.  The stakes are property of the United States.  These were not returned to the Forest Service."  (TR p. 96).  These findings are not in error and supported by the testimony offered at trial.  The conviction on count two was proper.

## ORDER

Based on the forgoing and being fully advised in the premises, the Court **AFFIRMS** the conviction and **DENIES** Defendant's appeal (Dkt. No. 9).

DATED:  **May 12, 2005**

_____
Honorable Edward J. Lodge
U. S. District Judge